IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VELIMIR PAVLOV and :
DUMITRA PAVLOV, :
  :
    Plaintiffs, :
  : CIVIL ACTION NO.
v. : 1:03-CV-1647-JOF
  :
INGLES MARKETS, INC., :
  :
    Defendant. :

**OPINION AND ORDER**

This matter is before the court on Defendant's motion for leave to file an untimely motion for summary judgment [165-1] and Defendant's motion for summary judgment [166-1].

The court has reviewed the procedural and substantive history of this litigation in previous orders. Shortly before the case was scheduled to go to trial, Defendant filed the instant motion for summary judgment[1] contending that Plaintiffs' claims were barred by judicial estoppel or in the alternative, contending that Plaintiff, Velimir Pavlov, did not have standing to pursue the claims because the lawsuit was an asset of Mr. Pavlov's bankruptcy

---

[1] The court GRANTS Defendant's motion for leave to file an untimely motion for summary judgment [165-1].

estate. Therefore, Defendant asserts, the claim is the bankruptcy trustee's and not Mr. Pavlov's.

Plaintiffs filed this suit on May 14, 2003. On April 7, 2005, Plaintiff Velimir Pavlov, filed a voluntary petition for Chapter 13 bankruptcy. Mr. Pavlov was represented by counsel during the bankruptcy. In his original bankruptcy petition, Plaintiff stated there were no contingent or unliquidated claims but did list the case under "suits and administrative proceedings." The case was described as "Plaintiffs request of deposition of Ingles employees." Plaintiff's proposed plan allowed for unsecured creditors to be paid 16 cents on the dollar. On May 17, 2005, the Bankruptcy Trustee filed an objection to the plan and requested the appointment of a special counsel. On June 8, 2005, Plaintiff amended his debtor's plan and reduced the dividend to unsecured creditors to 6 cents on the dollar. He also amended his petition to show this litigation as a debt (creditors holding secured claims) of $3,642.25 pursuant to a judgment entered on March 22, 2005. Plaintiff's plan was confirmed on August 19, 2005.

Mr. Pavlov has filed an affidavit in which he states that he discussed the litigation in a 341(a) meeting of creditors during his bankruptcy and that the Standing Chapter 13 Trustee, Mr. James Bone, instructed Mr. Pavlov that he could not settle the suit without the consent of the bankruptcy court. Mr. Pavlov was also instructed to file a motion for appointment of special counsel but failed to do so at that time. After the filing of the instant motions, his bankruptcy attorney filed a motion for appointment of special counsel on February 7, 2006.

Judicial estoppel is an equitable doctrine designed to protect the integrity of the judicial system. It prevents a "party . . . from 'asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous proceeding.'" *Billups v. Pemco Aeroplex, Inc. (In re Burnes)*, 291 F.3d 1282, 1285 (11th Cir. 2002); *see also De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (applying judicial estoppel doctrine described in *Burnes* to Chapter 13 proceeding). The inconsistent positions must have been taken under oath in a prior proceeding, and the inconsistencies "must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285.

In *Burnes*, the court first concluded that the plaintiff had submitted inconsistent positions under oath because he failed to list a pending employment discrimination suit in his bankruptcy proceeding. The plaintiff, however, argued that he did not have any intent to mislead the bankruptcy court, but rather that his omission of the employment discrimination suit was inadvertent. *Id.* at 1286. The court stated that "deliberate or intentional manipulation" could be "inferred from the record." *Id.* at 1287. "The debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* (quotation and citation omitted).

From the record before the *Burnes* court, it inferred that the debtor intentionally attempted to manipulate the bankruptcy proceedings. First, the debtor filed his employment discrimination claims during the pendency of his Chapter 13 case but did not amend his

3

petition. *Id.* at 1287-88. Further, when the debtor asked that his Chapter 13 case be transferred to a Chapter 7 case, he again failed to list the asset of the litigation. *Id.* The court also concluded that the debtor had something to gain from the concealment because it is unlikely the court would have approved the conversion of the bankruptcy to Chapter 7 with a complete discharge had all the parties been aware of the debtor's asset of litigation. The court refused to permit the debtor to reopen his bankruptcy case to amend his filings to reflect the litigation.

The Eleventh Circuit appeared to take a step back from *Burnes* in *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("based on our analysis . . ., it is questionable as to whether judicial estoppel was correctly applied in *Burnes*"). There, the plaintiff also did not list her employment discrimination lawsuit as an asset in her Chapter 7 bankruptcy proceeding. The district court had applied judicial estoppel and held that the bankruptcy trustee could not pursue the litigation due to the debtor's actions. The Eleventh Circuit reversed and held that the real party in interest was no longer the debtor but rather the trustee. Because the trustee had not made inconsistent statements to the court, the trustee could not be judicially estopped from pursuing the cause of action. *Id.* at 1272.

It is axiomatic that *Parker*, as a newer panel opinion, cannot overrule *Burnes*. Furthermore, the fact that Plaintiff's bankruptcy here was under Chapter 13 complicates the analysis. Unlike Chapter 7 cases where the litigation asset becomes the property of the bankruptcy estate and therefore only the trustee has standing, in Chapter 13 proceedings, the

4

debtor continues to be able to control the litigation. *See Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) (noting that because plaintiff "filed under Chapter 13 of the Bankruptcy Code, he retains standing to pursue legal claims on behalf of the estate. *See* 11 U.S.C. § 1303; Fed. R. Bankr. P. 6009"); *see also Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998). Thus, unlike the plaintiff in *Parker*, it is not clear that Mr. Pavlov could avoid the problems of non-disclosure by allowing the trustee to take up the reins of the litigation. In fact, in *Parker*, the court relied on the fact that the cause of action was the property of the Chapter 7 bankruptcy estate and that only the trustee in bankruptcy had standing to pursue it. *See id.*, 365 F.3d at 1272 (noting that only the trustee had standing to prosecute causes of action belonging to the estate).

The court first considers whether Mr. Pavlov is judicially estopped from bringing this claim. There is no dispute that Mr. Pavlov made the representations to the bankruptcy court under oath. Further, there is no dispute that while Mr. Pavlov's first application listed the litigation as a suit or administrative proceeding in which he was involved, it did not describe the litigation as a potential asset. Furthermore, his amended application strangely characterized the litigation as a debt pursuant to judgment. Clearly, these positions are inconsistent with the positions he has taken in the instant litigation. Mr. Pavlov has testified that he told his attorney this information, and the attorney described it in the manner seen on the application. However, his "attorney's omission is no panacea." *See Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003) (applying judicial estoppel).

5

Furthermore, the fact that Mr. Pavlov testified that he disclosed the litigation in his 341(a) meeting with creditors, also, does not preclude the application of judicial estoppel. *Id.* at 1294-95 (holding the fact that the "[debtor] informed the trustee about her discrimination suit during the creditor's meeting does not aid her cause" because the full nature of the litigation was not disclosed). The court has no evidence before it of exactly what was described to Mr. Bone, the standing Chapter 13 trustee, or his agents, at the 341(a) meeting. The court does have Mr. Pavlov's amended bankruptcy petition which clearly does not fully disclose the nature of this litigation because it describes it as a debt of judgment of $3,642.25. The court does not know whether the trustee had any more accurate information. *See id.* at 1296 (applying judicial estoppel where debtor informed trustee only that she filed suit to be reinstated for her job and did not tell him that she also sought backpay, liquidated damages, compensatory damages, and punitive damages).

Moreover, Mr. Pavlov clearly had knowledge of his suit, and he has something to gain from misrepresenting it to the bankruptcy court. After he listed the litigation as a "debt pursuant to judgment," the bankruptcy trustee apparently did not pursue the appointment of a special counsel, and Mr. Pavlov's repayment plan dropped from 16 cents on the dollar to 6 cents on the dollar. *See also De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) (noting that there is a financial motive to secret assets in Chapter 13 proceedings as well as Chapter 7 because amount of assets disclosed in Chapter 13 proceeding affects the

6

amount to be discounted and repaid).[2]  Thus, the court finds that Mr. Pavlov is judicially estopped from raising these claims.[3]

However, as noted above, the finding that Mr. Pavlov is judicially estopped does not end the matter because in *Parker*, the Eleventh Circuit recognized that the debtor is not the real party in interest and the bankruptcy trustee could pursue the action on behalf of the bankruptcy estate. The court finds that this option is not available under these circumstances. As an initial matter, as the court described above, *Parker* was a Chapter 7 bankruptcy proceeding where it is clear that ***only*** the bankruptcy trustee has standing to pursue the claim. In Chapter 13 proceedings, the debtor retains standing to pursue claims on behalf of the estate.

Furthermore, the chronology of events in *Parker* differs from that here. In *Parker*, the plaintiff filed a motion to reopen her bankruptcy proceedings and amend her bankruptcy schedules ***before*** the defendant in the civil suit filed a motion for relief asserting judicial

---

[2]The court notes that there is authority contrary to *De Leon* which finds that because creditors are paid out of the debtor's earnings and not the assets of the bankruptcy estate, a Chapter 13 debtor does not have any incentive to secret assets. *See*, *e.g.*, *EEOC v. Apria Healthcare Group, Inc.*, 222 F.R.D. 608, 613 n.3. (E.D. Mo. 2004). This court, however, is bound by *De Leon*.

[3]Mr. Pavlov also notes that his wife has "independent" claims, such that even if the court were to conclude that his claims are judicially estopped, hers could proceed. Mrs. Pavlov, however, brings a claim of loss of consortium. This claim is derivative of Mr. Pavlov's claims and cannot stand alone. *See*, *e.g.*, *Supchak v. Pruitt*, 232 Ga. App. 680, 684 (1998).

estoppel. In contrast, here, Mr. Pavlov did not file his motion to reopen his bankruptcy proceedings until *after* Defendants filed a motion to dismiss based on judicial estoppel. This chronology is similar to that in *Barger*, *Burnes*, and *De Leon*, where defendants in all of those cases filed their motions to dismiss based on judicial estoppel prior to the plaintiff filing a motion to reopen the bankruptcy proceedings, and the court judicially estopped the debtors from pursuing their civil claims. *See De Leon*, 321 F.3d at 1291-92 (applying judicial estoppel where debtor only amended his bankruptcy documents once civil suit defendant relied upon his failure to do so in its motion to dismiss pursuant to judicial estoppel); *Barger*, 348 F.3d at 1297 (finding plaintiff's efforts to reopen her bankruptcy proceedings did not impact judicial estoppel analysis for reasons set forth in *Burnes*); *Burnes*, 291 F.3d at 1288 ("Allowing [a debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.") (citation omitted).

For the foregoing reasons, the court GRANTS Defendant's motion for leave to file an untimely motion for summary judgment [165-1] and GRANTS Defendants' second motion for summary judgment [166-1]. The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiffs' complaint.

8

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 11th day of April 2006.


               s/ J. Owen Forrester
                J. OWEN FORRESTER
          SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)